EX PARTE R. H. LEWIS.

No. 23402. Delivered May 8, 1946.

The opinion states the case.

*Gib Callaway,* of Brownwood, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This case originated in the District Court of Brown County upon an application for writ of habeas corpus alleging that appellant was illegally restrained of his liberty by reason af a judgment of the County Court of said County.

Appellant was convicted of the offense of possessing liquor for sale in a dry area and assessed a fine of Five Hundred Dollars. The case was appealed to this court and affirmed, our docket No. 23283. The judgment is attacked as being void on the ground that the County Court was not in session on the date of the alleged conviction.

On June 14, 1916, the Commissioners' Court provided for four terms of the County Court, to begin on the first Monday in January, April, July and October, and to continue twelve weeks thereafter. If this order is still a valid order the court was in session on the 2nd day of August, 1945, the date of the judgment complained of. The order of the Commissioners' Court has never been changed, unless it is affected by an amendment to Article 1961 of the Revised Civil Statutes made subsequent to the order of the Commissioners' Court.

Our Constitution, Article 5, Section 29, provides that each county shall hold at least four terms annually, as may be provided by the legislature or by the Commissioners' Court under the authority of law. Other terms might be added under restrictions in said article of the Constitution. The amended article of the statute is as follows: "The County Court shall hold at least four terms for both Civil and Criminal business annually, and such other terms each year as may be fixed by the Commissioners' Court. After having fixed the times and number of the

terms of a County Court, they shall not change the same until the expiration of one year. Until, or unless otherwise provided, the term of the County Court shall be held on the first Monday in February, May, August and November, and may remain in session three weeks; PROVIDED SAID COURT SHALL BE OPEN AT ALL TIMES FOR THE TRANSACTION OF PROBATE BUSINESS. (Const. Art. 5 Sec. 29; Acts 1929, 41st Leg., 1st C. S., p. 107, ch. 48 Sec. 2.)

The phrase in italics was added by the amendment and is the only change in the Article.

If the phrase in italics, of the above quoted Article, has the effect of nullifying previous orders of the Commissioners' Court fixing the terms, when such orders are not in conflict with the statute itself, then the court would not be in session and the judgment would be void. If the order of the Commissioners' Court above referred to is not nullified and is still in force and effect, the court would be in session and the attack made on the judgment cannot be sustained. The intention of the Legislature must be looked to for the purpose of answering the question involved.

An examination of the bill as passed reveals an intention to affect the manner of service in probate matters. To care for this it is provided the court shall be in session at all times. No part of the bill relates to the law regulating the terms of county courts, or the power of the Commissioners' Courts in fixing same. If the law thus referred to is not repealed, modified, or changed in its directive effect on the powers of the Commissioners' Courts, we fail to see how the Act could operate on pre-existing orders of said Courts. If the Legislature had intended to abrogate all such orders it should have so stated.

The judgment of the trial court is affirmed.